| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: Other/Civil |

| | |
|---|---|
| Eric Wong, | Court File No.: 27-CV-13-_____ |
|     Plaintiff, | |
| vs. | **SEPARATE ANSWER OF URBAN LAND DEVELOPMENT** |
| Urban Land Development, LLC, John Doe, | |
|     Defendants. | |

For its Answer to the Complaint dated October 10, 2013, Defendant Urban Land Development, LLC admits, denies and alleges as follows:

Except as hereinafter admitted or otherwise answered, Defendant denies each and every matter, statement and allegation of Plaintiff's Complaint and puts Plaintiff to its strictest proof.

1. As to the allegations in paragraphs 1, 2, 3, 4, 5, 6, Defendants deny.

2. As to the allegations in paragraphs 7, 8 Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations and puts Plaintiff to its strictest proof.

3. As to the allegations in paragraph 9, Defendant admits the allegations in the first sentence. Defendant denies the remaining allegations.

4. As to the allegations in paragraph 10, this allegation is not directed toward this answering Defendant, so no reply is necessary. To the extent that a response is required, Defendant denies the allegations.

5. As to the allegations in paragraphs 11, 12, 13, 14, 15, Defendant denies.


EXHIBIT C

6. As to the allegations in paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, said allegations are merely Plaintiff's attempt to state the law. No relevant factual allegations are made, so no reply is necessary. To the extent that a response is required, Defendant denies the allegations.

7. As to the allegations in paragraphs 27, 28, 29, 30, 31, Defendant denies.

8. As to the allegations in paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations and puts Plaintiff to its strictest proof.

9. As to the allegations in paragraphs 33, 34, Defendant denies.

10. As to the allegations in paragraphs 35, Defendant incorporates its previous responses.

11. As to the allegations in paragraphs 36, 37, said allegations are merely Plaintiff's attempt to state the law. No relevant factual allegations are made, so no reply is necessary. To the extent that a response is required, Defendant denies the allegations.

12. As to the allegations in paragraphs 38, 39, 40, 41, 42, 43, Defendant denies.

13. As to the allegations in paragraph 44, Defendant incorporates its previous responses.

14. As to the allegations in paragraphs 45, 46, said allegations are merely Plaintiff's attempt to state the law. No relevant factual allegations are made, so no reply is necessary. To the extent that a response is required, Defendant denies the allegations.

15. As to the allegations in paragraphs 48, 49, 50, 51, Defendant denies.

16. As to the allegations in paragraph 52, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations and puts Plaintiff to its strictest proof.

## AFFIRMATIVE DEFENSES

In avoidance and defense of Plaintiff's claims, Defendant further states and alleges as follows:

1. The Complaint of October 10, 2013 fails to state any cause of action upon which relief can be granted against the Defendant; this defense is raised under Rule 12.02(e).

2. Plaintiff's action is barred because the Defendant at all times acted in good faith and did not directly or indirectly induce the acts constituting the alleged violation or cause of action upon which Plaintiff's claims for relief purport to be based.

3. Plaintiff's damages, if any, are the result of his own acts, omissions and fault, or the result of the acts, omission or fault on the part of others over whom Defendants have no control or right to control.

4. The Defendant did not breach any legal duty or other obligation (if any), owing to Plaintiff.

5. Defendants assert all affirmative defenses stated in Minn. R. Civ. P. 8.03 not specifically pled herein and expressly reserve their right to amend this Answer to assert any such defense as it becomes known.

6. This court lacks jurisdiction over Defendant; this defense is raised under Rule 12.02(c).

7. Plaintiff has failed to properly serve Defendant; this defense is raised under Rule 12.02(d).

WHEREFORE, Defendant respectfully prays that Plaintiff takes nothing by the Complaint, and that Defendant has judgment against Plaintiff for its costs, disbursements and attorneys' fees.

Dated: November 20, 2013

HANBERY & TURNER P.A.

_____
Douglass E. Turner, #0279948
Christopher T. Kalla, #0325818
33 South 6th Street
Suite 4160
Minneapolis, MN 55402
612-340-9855
Attorneys for: Urban Land Development, LLC

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. Sec. 549.211, subd. 2 to the party against whom the allegations in this pleading are asserted.

Dated: November 20, 2013

_____
Christopher T. Kalla, #0325818

4