UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eric Wong,                                    Court File No.: 13-cv-3223-DSD-TNL

      Plaintiff,

vs.                                           **<u>JOINT RULE 26(f) REPORT</u>**

Urban Land, LLC,

      Defendant.

---

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on December 26, 2013, and subsequently prepared the following report.

The pretrial conference in this matter is scheduled for January 16, 2014, at 11:30 a.m. before the United States Magistrate Judge Tony N. Leung at the United States Courthouse, Chambers 342, 316 North Robert Street, Saint Paul, Minnesota.

**1. <u>Date and Place of the Meeting; Identification of the Parties and Their Attorneys: Agenda of Matters for Pretrial Conference.</u>**

    a.    The date and place at which the meeting was held:

    **The parties conferred telephonically on December 26, 2013.**

    b.    Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

| Plaintiff Eric Wong | Defendant Urban Land, LLC |
|---|---|
| Represented by: | Represented by: |
| Paul R. Hansmeier, Esq. (#0387795) | Douglass E. Turner, #279948 |
| CLASS JUSTICE PLLC | Christopher T. Kalla #0325818 |
| 100 5th St. S. Ste 1900 | 33 South 6th St. |
| Minneapolis, MN 55402 | Suite 4160 |
| Phone: (612) 234-5744 | Minneapolis, MN 55402 |
| mail@classjustice.org | 612-340-9855 |

    c.    Name of insurance carriers that may be liable for the defense or payment of any damage award; and

**None**

**2.**    **Description of the Case**

    a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

**This Court has jurisdiction over this action pursuant to the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181, et seq.**

    b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

**Plaintiff contends that Defendant Urban Land, LLC is a landlord whose subject store violates the ADA, and that its public areas are not fully accessible to and usable by persons with disabilities. Plaintiff also alleges that the modifications which Plaintiff seeks to have made to Defendant's premises are necessary, readily achievable and would not impose an undue burden on Defendant.**

**Defendant claims that the modification necessary to be compliant with the ADA are not readily achievable and would impose an undue burden on Defendant.**

    c.    A summary itemization of the dollar amount of each element of the alleged damages.

**Plaintiff seeks injunctive relief in the form of premises alteration and attorney fees.**

3. **Pleadings**

    a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

**The Complaint and Defendant's Answer have been filed.**

    b. The date by which all motions that seek to amend the pleadings to add parties, claims and defenses will be filed; and

**April 1, 2014.**

    c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**A jury trial is not available and has not been demanded.**

4. **Discovery Plan** (If the parties are unable to agree on a discovery plan, the Report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive or might lead to early settlement discussions, instituting document control mechanisms, stipulating to facts to eliminate unnecessary discovery, and any other matters counsel may agree upon to control litigation costs and delay.

    a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

**The parties agree that Rule 26(a)(1) disclosures will be made by February 1, 2014.**

    b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

**Plaintiff wishes to engage in the above-described alternative dispute resolution. Defendant does not.**

    c. Whether discovery should be conducted in phases or limited to, or focused upon, particular issues;

**The parties do not believe discovery should be conducted in phases.**

      d.      The date by which each party disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

**Plaintiff, July 1, 2014; Defendant, August 1, 2014.**

      e.      The number of interrogatories each party shall be permitted to serve;

**The parties have determined that each party shall be permitted to serve a total of twenty-five (25) interrogatories.**

      f.      The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

**The parties propose to take ten depositions each (excluding expert witnesses).**

      g.      The number of expert depositions each party shall be permitted to take; and

**The parties have determined that each party will be permitted to take five expert depositions.**

      h.      A mechanism and date by which the parties shall meet, confer, and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**Not applicable.**

      **5.**      **Close of Fact and Expert Discovery and Non-Dispositive Motions**

      a.      The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**The parties submit that discovery shall be completed by September 1, 2014, and non-dispositive motions shall be filed and served by September 1, 2014.**

      **6.**      **Dispositive Motions and Trial**

      a.      Date by which all dispositive motions shall be served and filed.

**November 1, 2014**

      b.      Date by which case will be ready for trial;

**The case will be ready for trial by February 1, 2015.**

      c.      The number of expert witnesses each party expects to call at trial; and

**1-2.**

      d. Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable).

**The parties estimate that trial will require two days.**

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| By: /s/ Paul R. Hansmeier<br>Paul R. Hansmeier, Esq. (#0387795)<br>CLASS JUSTICE PLLC<br>40 South Seventh Street<br>Suite 212-313<br>Minneapolis, MN 55402<br>Phone: (612) 234-5744<br>mail@classjustice.org<br><br>Dated: December 31, 2013 | By: /s/ Christopher T. Kalla<br>Defendant Urban Land, LLC<br>Douglass E. Turner, #279948<br>Christopher T. Kalla #0325818<br>33 South 6th St.<br>Suite 4160<br>Minneapolis, MN 55402<br>612-340-9855<br><br>Dated: January 9, 2014 |